IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                              Criminal No. 5:17-cr-50030-1

RUDY MANCIA                                                   DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Motion to Vacate, Set Aside, or Correct Sentence filed by Movant Rudy Mancia ("Mancia") pursuant to 28 U.S.C. § 2255. After Mancia filed his *pro se* Motion, he was appointed a Federal Public Defender who filed an Amended Motion (ECF No. 49). The United States ("Government") filed a Response (ECF No. 50). An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Mancia is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

### I.  BACKGROUND

On June 6, 2017, Mancia was named in a six-count indictment with a forfeiture allegation with respect to $5,624 in United States Currency. (ECF No. 8). Count One charged Mancia with conspiracy to distribute, from at least as early as January 1, 2015, continuing to on or about June 6, 2017, more than 50 grams of actual methamphetamine. Counts Two through Six charged Mancia with the distribution of methamphetamine on various dates.

1

On May 4, 2017, via text only order[1] the Court appointed Assistant Public Defender Joe Alfaro to represent Mancia. On June 30, 2017, retained counsel Justin B. Hurst filed a Motion to Substitute Counsel (ECF No. 15). The Motion was granted via text only order on July 5, 2017.

On August 18, 2017, Mancia appeared with his attorney for a change of plea hearing before the Honorable Timothy L. Brooks, United States District Judge. Pursuant to a written Plea Agreement (ECF No. 20), Mancia pled guilty to Count Six of the Indictment (ECF No. 8). Count Six charged that on or about February 9, 2017, Mancia knowingly and intentionally distributed methamphetamine in violation of 21 U.S.C. § 841(a)(1). *Id.* Mancia also pled guilty to the forfeiture allegation. (ECF No. 20 at 1). If the plea was accepted by the Court, the Government agreed to dismiss Counts One through Five of the Indictment. *Id.*

On October 31, 2017, the United States Probation Office filed Mancia's initial Presentence Investigation Report ("PSR"). (ECF No. 22). Mancia filed no objections. (ECF No. 25). The Government filed three objections (ECF No. 24). The final PSR, with corrections made in light of the Government's objections, was filed on November 29, 2017. (ECF No. 26). Mancia was found to be accountable for the total amount of methamphetamine involved in the offense conduct—448.5 grams of actual methamphetamine. (ECF No. 26 at 11, ¶53). Mancia's base offense level was 32 as the offense involved at least 150 grams but less than 500 grams of actual methamphetamine, United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(4). *Id.* at 12, ¶ 60. The probation officer recommended a 2-level reduction based on acceptance of responsibility and noted that, upon motion of the Government, Mancia qualified for another 1 level reduction. *Id.* at ¶¶ 67-68. Mancia's total offense level was therefore 29. *Id.* at ¶ 69. Mancia had a

---

[1] When this case originated, text only orders were not assigned docket numbers.

criminal history score of 0 which established a criminal history category of I. *Id.* at 13, ¶76. The Guideline imprisonment range was 87 to 108 months. *Id.* at 16, ¶ 101.

On December 27, 2017, Mancia's counsel filed a Sentencing Memorandum and Motion for a Non-Guideline Sentence. (ECF No. 28). Mancia's counsel argued for a downward departure/downward variance and a sentence in the range of 37 months of imprisonment. *Id.*

On January 11, 2018, Mancia appeared for sentencing. (ECF No. 33). The Court imposed a sentence of 78 months imprisonment, 3 years supervised release, $400 fine, and a $100 special assessment. A final order of forfeiture and judgment were entered on January 11, 2018. (ECF Nos. 34-35). On January 12, 2018, a revised final PSR was filed to correct an error in the date of a drug transaction as it appeared on the chart contained in ¶ 53. (ECF Nos. 36-37). No appeal was filed.

The next activity reflected on the docket is a Petition to Obtain Documents filed by Mancia on July 8, 2019. (ECF No. 39). Mancia requested a copy of the plea agreement, a transcript of the change of plea hearing, and a transcript of the sentencing. *Id.* Other than making the generic statement that he needed the documents "to have appropriate access to the Court," Mancia did not indicate the reason he needed the information or mention an intention to file any type of motion with the Court. *Id.* His request was denied. (ECF No. 40).[2] On September 27, 2019, a letter from Mancia to the Clerk was filed. (ECF No. 41). Mancia requested a transcript of his sentencing hearing. *Id.* He did not indicate why he needed the transcript. *Id.* The request was denied. (ECF No. 42). On January 6, 2020, Mancia filed his *pro se* § 2255 Motion. (ECF Nos. 43-44).

---

[2] *See* 28 U.S.C. §§ 753(f) & 2250.

3

## II. DISCUSSION

### A. GROUNDS FOR RELIEF

Mancia's Amended Motion to Vacate sets forth the following grounds for relief: (1) his counsel was ineffective in failing to properly advise him about the concept of relevant conduct prior to his entry into the plea agreement; and (2) his counsel was ineffective in failing to ask for a mitigating role reduction of the offense level under U.S.S.G. §§ 3B1.2.

### B. SECTION 2255

Section 2255(a) allows "[a] federal prisoner in custody under sentence by a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under [§] 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### C. TIMELINESS OF THE MOTION

The Court must first address the Government's threshold argument that Mancia's Motion was not timely filed. This issue is governed by 28 U.S.C. § 2255(f). All motions filed under § 2255 are subject to a one-year statute of limitation. *Id.* The one-year period begins to run from

the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Mancia recognizes that his judgment of conviction became final on January 25, 2018—14 days after it was entered on the docket. Fed. R. App. P 4(b)(1)(A)(defendant in a criminal case has 14 days to file an appeal); (ECF No. 49 at 3). This gave Mancia until January 25, 2019, to file his petition.

However, Mancia maintains the reason he did not file his Motion earlier was because of the Court's refusal to send him copies of his transcripts. (ECF No. 49 at 3). Mancia asserts the time period should be equitably tolled and his Motion be considered to have been timely filed. *Id.* at 3-4.

"The one-year statute of limitation may be equitably tolled 'only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)(quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010)). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Application of the doctrine "must be guarded and infrequent, lest circumstances of individualized

hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001)(internal quotation marks and citation omitted).[3]

However, as the Government accurately points out, Mancia cannot establish he was diligently pursuing his rights when he did not file his first request for transcripts until after the one-year time period expired. Mancia makes no argument that he took steps to pursue his habeas action prior to the expiration of the statute of limitation. He therefore cannot demonstrate entitlement to equitable tolling. *Holland*, 560 U.S. at 649; *Muhammad*, 735 F.3d at 815.

Assuming that Mancia could establish he was diligently pursuing his rights; he cannot demonstrate that some extraordinary circumstances stood in his way. Moreover, the Eighth Circuit has held that a movant's inability to obtain a transcript does not constitute the kind of extraordinary circumstances that would justify equitable tolling. *Jihad,* 267 F.3d at 806 ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"). Therefore, Mancia cannot establish the existence of an extraordinary circumstance beyond his control to entitle him to equitable tolling. As he cannot establish either prong of the equitable tolling inquiry, Mancia's Motion is barred by the one-year statute of limitation.

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Mancia's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 be **DENIED** and his petition be **DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of

---

[3] *Jihad* involved a § 2254 habeas petition. However, §§ 2254 and 2255 have been held to "mirror each other in operative effect" and cases applicable to one have been held applicable to the other. *See e.g., Reed v. Farley*, 512 U.S. 339, 353 (1994).

appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). A "substantial showing" is a showing that "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002)(quotation marks and citation omitted). Based upon the above analysis of Mancia's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

7