## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                            CASE NO. 5:17-CR-50030-1

RUDY MANCIA                                    DEFENDANT/MOVANT

### ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 51) of the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas, filed in this case on July 17, 2020. The Magistrate Judge recommends dismissal of Defendant Rudy Mancia's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Defendant filed an objection to the R&R (Doc. 53) on August 10, 2020. Pursuant to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the findings and recommendations to which Defendant has lodged a specific objection. After review, the Court finds that the objection offers neither law nor fact requiring departure from the Magistrate Judge's findings. Accordingly, the R&R (Doc. 51) is **ADOPTED IN ITS ENTIRETY**, and Defendant's § 2255 Petition and Motion to Vacate (Doc. 49) is **DENIED**.

The R&R is detailed in its analysis and correct in its conclusion that Defendant's § 2255 motion is barred by the one-year statute of limitations. The Defendant's objection does not address the statute of limitations argument on which the Magistrate Judge based her findings. The Defendant asserts in the objection that he is a foreign national who has no understanding of the English language and that the United States Attorney failed to notify the El Salvadorian Consulate of his arrest as required by 28 C.F.R § 50.5. The

Defendant did not present this argument in his pro se Motion to Vacate (Doc. 43) or in his Amended Motion to Vacate (Doc. 49) prepared by appointed counsel. "The defendant cannot in his objection to the magistrate judge's report and recommendation raise arguments that were not clearly presented to the magistrate judge." *Ridenour v. Boehringer Ingelheim Pharm., Inc.,* 679 F.3d 1062, 1067 (8th Cir. 2012). Therefore, the objection is improper and **OVERRULED**.

Even if the Defendant had properly raised this argument in his motion presented to the Magistrate Judge, it would not be a basis for vacating his sentence. The Defendant did not raise this argument before this Court at trial or sentencing nor did he raise it on direct appeal. *See Gomez v. United States*, 100 F. Supp. 2d 1038, 1048 (D.S.D. 2000) ("It is a fundamental rule in this country that assertions of error in federal criminal proceedings must first be raised at trial or on direct appeal, absent a showing of both 'cause' excusing the defendant's procedural default and 'actual prejudice' resulting from the errors of which he complains." (citing *United States v. Frady*, 456 U.S. 152, 167-69 (1982)). A defendant who fails to raise a claim that could have been raised on direct appeal is procedurally defaulted from raising the claim in a collateral attack pursuant to § 2255. *Matthews v. United States,* 114 F.3d 112, 113 (8th Cir. 1997).

For the reasons stated above, **IT IS HEREBY ORDERED** that the R&R (Doc. 51) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY**. Defendant Rudy Mancia's § 2255 Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C § 2255 (Doc. 49) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** on this ____ day of September, 2020

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE